# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LEWIS MOSS,

               Appellant,

    v.

DEPARTMENT OF DEFENSE,

               Agency.

DOCKET NUMBER
DC-1221-14-0567-W-1

DATE: November 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lewis Moss</u>, Kaiserslautern, APO/FPO Europe, pro se.

<u>Sally R. Bacon</u>, Esquire, Fort Lee, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed the instant IRA appeal under the Whistleblower Protection Act (WPA) based on allegations that the agency retaliated against him for filing an equal employment opportunity (EEO) complaint in March 2008 by subjecting him to a reduction in pay in June 2008.[2] Initial Appeal File (IAF), Tab 1, Tab 8 at 4, Tab 10 at 4. The administrative judge notified the appellant of the elements and burdens of proof for establishing jurisdiction over his IRA appeal. *Id.*, Tab 3. The appellant filed five responses, and the agency filed a motion to dismiss. *Id.*, Tabs 6-11.

¶3 The administrative judge dismissed the appeal finding, inter alia, that under the WPA, the Board lacked jurisdiction to consider the appellant's claim that the agency retaliated against him for filing an EEO complaint on March 4, 2008.[3]

---

[2] In the initial decision, the administrative judge noted that the appellant has filed several complaints with the Office of Special Counsel and various Board appeals, including three IRA appeals. IAF, Tab 12, Initial Decision (ID) at 1-3. The administrative judge provided a detailed procedural history in the initial decision, which we have not restated here. ID at 4-8.

[3] The Whistleblower Protection Enhancement Act of 2012 (WPEA) amended the law with respect to the Board's jurisdiction over IRA appeals and, in certain circumstances,

Specifically, the administrative judge found that, although retaliation for filing an EEO complaint is protected activity under 5 U.S.C. § 2302(b)(9), under the WPA there is no right to seek Board review based on a claim of retaliation pursuant to section 2302(b)(9). ID at 3-4 (citing *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 690-91 (Fed. Cir. 1992)). Based on the foregoing, the administrative judge found that the appellant had not established jurisdiction over his appeal and he was not entitled to a hearing. ID at 5.

¶4    The appellant filed a petition for review of the initial decision. Petition for Review File, Tab 1. On review, the appellant refers the Board to pages of a document he filed before the administrative judge, but he provides no argument to support his petition. A petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92-93 (1992). Because the appellant's petition for review contains neither evidence nor argument demonstrating error by the administrative judge, we find that his petition does not meet the Board's criteria for review under 5 C.F.R. § 1201.115.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

---

the Board now has jurisdiction regarding claims of retaliation based on activity protected by section 2302(b)(9). Pub. L. No. 112-19, 126 Stat. 1465 (Nov. 27, 2012). Specifically, pursuant to 5 U.S.C. § 1221, an appellant may now seek Board review of a claim that an action was the result of a prohibited personnel practice described § 2302(b)(9)(A)(i), (B), (C), or (D) in addition to 5 U.S.C. § 2302(b)(8). 5 U.S.C. § 1221. This change in the law, however, has no retroactive effect. *See Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶¶ 9-15 (2014). For this reason, the administrative judge correctly found that the WPEA is inapplicable in this case. ID at 3-4.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their

respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:          _____
                                             William D. Spencer
                                             Clerk of the Board

Washington, D.C.